IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHNNY JOHNSON,

    Plaintiff,

v.                                    No. 03-2911-B/V

SHELBY COUNTY SCHOOLS,

    Defendant.

---

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR RELIEF FROM JUDGMENT

---

Before the Court is the June 10, 2005 notice of motion for relief from judgment by the Plaintiff, Johnny Johnson. Although styled as a notice, Plaintiff is asking this Court for relief under Federal Rule of Civil Procedure 60(b)(1) and (2) which allow a district court to relieve a party from a final order based on mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. However, on May 19, 2005, Plaintiff filed a notice of appeal, seeking review by the Sixth Circuit Court of Appeals of this Court's order granting the Defendant's motion for summary judgment. When a party files a notice of appeal, the appellate court assumes jurisdiction over the matter and the district court loses its jurisdiction. See Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993). "It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res., 71 F.3d 1197, 1203 (6th Cir. 1995). The district has discretion to consider a Rule 60(b) motion and may enter an order stating that it is disposed to grant the motion. Unites States v. Demjanjuk, No. 03-3773, 2005 WL

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-15-05



910738, at **1 (6th Cir. Apr. 20, 2005) (quoting Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville, 274 F.3d 377, 403 (6th Cir. 2001)). Nevertheless, the district court is under no obligation to issue an order stating it is disposed to grant the motion because the court no longer has jurisdiction. See id.; see also Murphy v. Dep't of Justice, No. 00-6031, 2001 WL 1299037, at **2 (6th Cir. Aug. 9, 2001) (finding that the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion when the district court was without jurisdiction after the filing of the notice of appeal); United States v. Garcia, No. 97-1706, 1998 WL 228049, at **1 (6th Cir. Apr. 29, 1998) (concluding that, even though the defendant filed his Rule 60(b) motion before the notice of appeal, the district court lacked jurisdiction to rule on the motion). Accordingly, because Johnson has filed a notice of appeal, this Court is without jurisdiction to consider the motion. Thus, the motion is DENIED without prejudice.

IT IS SO ORDERED this 14th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:03-CV-02911 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Johnny Johnson
773 Margie Dr.
Memphis, TN 38127

Stephen L. Shields
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Steven W. Dills
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Honorable J. Breen
US DISTRICT COURT